# FILED

JUL - 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

30 new WHA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name  GUTIERREZ                    JOSE                    R
      (Last)                      (First)                  (Initial)

Prisoner Number  F-19152

E-filing

Institutional Address Salinas Valley State Prison,P.O.BOX1050,Soledad,CA 93960-1060

(PR)

WHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 3286

---

JOSE ROBERT GUTIERREZ

Full Name of Petitioner

                                    Case No.(To be provided by the
                                    clerk of court)

        vs.

M.S. EVANS-WARDEN                   PETITION FOR A WRIT OF HABEAS CORPUS

    Name of Respondent
    (Warden or jailor)

---

Read Comments Carefully Before Filling In

## When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.    What sentence are you challenging in this petition?

(a)  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

| SUPERIOR COURT (CRIMINAL) | MONTEREY COUNTY |
|---|---|
| Court | Location |

(b)  Case number, if known __No. SS050591-A__

(c)  Date and terms of sentence __February 14,2006; 125 years to life__

(d)  Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes **XX**  No ___

Where? __Salinas Valley State Prison,P.O.Box 1050,Soledad,CA 93960-1060__
(Name of Institution)                    (Address)

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

__1 count First Degree Murder,Pen.Code §187; 2 counts attempted deliberate__

__and premeditated murder,Pen.Code §§187/664; Gang Enhancement,Pen.Code__

__§ 186.22.Subd(b)(1)__

3.    Did you have any of the following?

Arraignment: Yes **X**  No ___    Preliminary Hearing: Yes **X**  No ___  Motion to Suppress:  Yes **X**  No ___

3

4.    How did you plead?

Guilty _____    Not Guilty __XX____    Nolo Contendere _____

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury __XX___    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?    Yes ___    No XX

7.    Did you have an attorney at the following proceedings:

    (a)    Arraignment    Yes XX        No __
    (b)    Preliminary hearing        Yes XX        No __
    (c)    Time of plea    Yes XX        No __
    (d)    Trial    Yes XX        No __
    (e)    Sentencing    Yes XX        No __
    (f)    Appeal        Yes XX        No __
    (g)    Other post-conviction proceeding    Yes __        No XX

8.    Did you appeal your conviction?    Yes XX    No __

    (a)    If you did, to what court(s) did you appeal?

| Court of Appeal | Yes XX | No __ | 2006 (Year) | Affirmed (Result) |
| Supreme Court of California | Yes XX | No __ | 2007 (Year) | Affirmed (Result) |
| Any other court | Yes __ | No XX | (Year) | (Result) |

    (b)    If you appealed, were the grounds the same as those that you are raising in this petition?        Yes XX    No __

    (c)    Was there an opinion?    Yes XX    No __ (Unpublished)

    (d)    Did you seek permission to file a late appeal under Rule 31(a)?        Yes __        No XX

4

If you did, give the name of the court and the result:

9.      Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?      Yes ___      No xx

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)     If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.     Name of Court _____ Negative _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

II.    Name of Court _____ Negative _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

III.   Name of Court _____ Negative _____

6

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

      (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?   Yes __ No __

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: PETITIONER'S SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S.CONSTITUTION

WERE VIOLATED BY THE TRIAL COURT

Supporting Facts: The Trial Court Violated Petitioner's federal Due Process

and to Confrontation Rights by failing to disclose sealed documents to the

defense.  Continue at page 8(a)

Claim Two: THE TRIAL COURT ERRED BY REFUSING TO HOLD A HEARING ON JUROR

IDENTIFYING INFORMATION,VIOLATING PETITIONER'S XIV AMENDEMENT RIGHTS TO U.S.

Supporting Facts: On December 6,2005 after verdicts were returned,Defense

Counsel petitioned for an order disclosing Juror Identifying Information

pursuant to the Procedures set out in Code Of Civil Procedures Section 237

(2CT 554-59.) Petitioner asserted that the identifying information(Continue 8(c))

Claim Three: PETITIONER'S FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR TRIAL

AND DUE PROCESS WERE VIOLATED BY THE TRIAL COURT

Supporting Facts: The Trial Court erred in admitting irrelevant and highly

prejudicial testimony by the State's gang expert. Defense Counsel filed

an In Limine Motion objecting to the admission of expert gang evidence on

the grounds of hearsay and undue prejudice.(2CT349;8RT1775-79.)Continue 8(e).

If any of these grounds was not previously presented to any other court, state briefly which

ground were not presented and why:

Supporting facts:

1. On September 1-2,2005 The Trial Court Stated it would conduct an in camera hearing (Over defense' objection)(1CT 279:3RT 505-06). The Hearing was held and the transcripts of the reported proceeding were filed under seal (3RT 508; Sealed transcripts at 3RT 509-556).

On September 2,2005,Court Exhibits 1 and 2 (transcript and Memo from in camera hearing)were filed under seal. The trial Court then ruled that the identity of the witness known as "Witness One"or "MS-1" (later John Doe).should be disclosed; But that the identity of the witness known as "Witness Two" would not be disclosed.

The Court described witness Two as having information regarding a critical prosecution witness, But his identity would not be disclosed for the reasons stated in the in camera hearing (4RT 792-95).

2. On September 26,2005

Defense counsel sought Discovery of "MS's" Juvenile Court records(2CT 306). Defense also issued a subpoena Duces Tecum to the Department of Corrections to obtain them (2CT 336,345),The trial Court conducted an in camera review of "MS-1's" prison/parole records and juvenile records (7RT 1501-10;1515).

On September 26,2005 after reviewing "MS-1's" juvenile file and speaking in camera to "MS-1's" parole agent,the trial court ruled that they were to remain under seal (8RT 1820-32).

3. police Reports relating to Doe's Vehicle Theft conviction

John Doe had a Vehicle Theft Conviction in December of 2004,it was only

///

///

page 8(a)

1  Then that Doe sought out the police to inform on Petitioner in hopes of

2  getting a better deal for himself (See 12RT 2920-22;13RT 3081082,311),

3  although Doe had pled guilty,His sentence on the theft conviction had been

4  continued and was pending at the time of his trial testimony (15RT 3580-

5  86), Defense counsel requested disclosure of the police reports on the car

6  theft Citing People v. Wheeler(1992)4 Cal.4th 284,since the theft was a

7  crime of Moral Turpitude (9RT 2001-03),After the prosecutor's opening

8  statement,Defense counsel renewed his request for this material (12RT

9  2751-53) Defense counsel again renewed the request after doe had testified

10  and the trial court refused to disclose the Material (13Rt 3153) The trial

11  Court ordered the reports sealed.(2CT 504.)

13  4. Search Warrant and affidavit.

14    On September 28,2005,defense counsel moved to unseal the affidavit filed

15  in support of a 2004 search warrant for petitioner's house.(2CT 470-73.)

16  The motion was made at this time because the prosecution had not disclosed

17  Kendell Gray as a prosecution witness until September 23,2005,Three Days

18  before trial. Gray was the affiant on the affidavit.(2CT 471,497-99;12'RT

19  2756-60.) The defense had made earlier discovery request for the affiant

20  that were denied. At the time of the motion,defense counsel requested

21  disclosure of the affidavit on the grounds that it would show that "MS-1"

22  (John Doe) would appear on the affidavit as having claimed that the weapons

23  would be found at petitioner's residence,that no weapons were found,and

24  that the affidavit would thus show Doe to be a liar.(2CT 471.)

25    The Trial court reviewed the sealed affidavit and ruled that nothing

26  in it would be disclosed.(13RT 3153-54;4CT 97-86.)

27  ///

28  ///

PAPER
CALIFORNIA
(REV. 6-72)

1                                    **ARGUMENT**

2     Petitioner alleges that the lower Courts Vilated his Federal Constitutional

3   Due Process and Confrontation Rights by failing to disclose sealed documents

4   to the defense in that petitioner was entitled to discoverable sealed

5   documents that would show the prosecution witness to be unreliable and that

6   if the Jury would have been made aware of this evidence petitioner would

7   not have been found guilty based upon witness Doe's false testimony.

8     These Federal Constitutional rights are guaranteed by the Sixth Amendment

9   (Confrontation Clause)"(Murdoch v. Castro(9th Cir.2004)365 F.3d 699,702;

10  See also Davis v. Alaska(1974)415 U.S.308,319; Pennsylvania v. Ritchie(1987)

11  480 .S.39; People v. Hammon(1997)15 Cal.4th 1119,1123-23;and

12  Delaware v. Van Arsdall (1986)475 U.S.673,680; People v. Quartermain(1997)16

13  Cal.4th 600,623-24[Accord].)

14

15  Claim Two;

16  Supporting Facts:

17     was necessary in order to prepare a new Trial Motion based on Jury

18  misconduct. In a sworn declaration,defense counsel asserted that his private

19  investigator "Paul Keene" and defense counsel spoke with Juror Number 12

20  in early November. Juror Number 12 stated that during testimony of witness

21  Jon Doe (The Informant),A large man with large bicepts came into the

22  courtroom. The Jurors discussed this man during deliberations.

23  Juror Number 12 said they discussed the fact that"The Intimidator" was

24  present to make sure that the person testified.(21RT 5025-28.)

25     Defense counsel also asserted that he had tried to contact other Jurors

26  but had been unable to without further identifying information.(2CT 558-

27  59.)

28  ///

                                  page 8(c).

1    The Trial Court refused to order a hearing on disclosure of Juror
2    identifying information and ruled that Petitioner had not met the required
3    showing.(21RT 5034-39.)

4    According to Juror Number 12,the Jurors discussed and considered
5    extrajudicial information.,i.e.,The presence of a spectator and the reason
6    for his presence vis-A-vis what evidence was presented,was sufficient to
7    establish good cause for a Hearing under Statutory provision under Section
8    237 of the Code Of Civil Procedure.

9

10                              **ARGUMENT**

11   Petitioner contends that he met the Statutory requirements for ordering
12   a hearing into the disclosure of Juror identifying information and that
13   the Trial Court's refusal to hold such a hearing deprived him of a State
14   conferred benefit,and thus Federal Due Process.

15   The Jury recieved and discussed extraneous information,such as the
16   intimidating spectator and his impact on the evidence presented or not
17   presented,this was misconduct.(see e.g.,In re Carpenter(1995)9 Cal.4th 634,647
18   -53; Eslaminia v. White(9th Cir.1998)136 F.3d 1234[Jury exposure to and
19   consideration of facts not in evidence is serious constitutional error].)
20   The misconduct occurs not from the fact that such a spectator was observed,
21   but from the fact that the Jurors discussed the spectator and his influence
22   on the evidence they were to consider.

23   In conclusion; The trial Court deprived petitioner his Due Process Right
24   under the Fourteenth Amendment    to the United States Constitution.

25
26
27
28

1    The Trial Court overruled the Objections.

2    Testimony by the Gang expert.

3    Gang expert "Bohn" testified that: Petitioner was a Norteno Gang member
4    at the time of this crime,based on his admission;

5    Police contacts with him in which he was "with Norteno gang members
6    committing crimes", wearing gang-related colors,Gang-related items,showing
7    his gang affiliation;

8    There were always Norteno gang members at his house when police went there.
9    (14 RT 3321-22.)

10    Bohn then began to testify to details of police contacts with petitioner
11    begining in 1999.(14RT 3223.) Defense counsel objected on hearsay and
12    confrontation clause grounds,and made a continuing objection of cumulativeness
13    stating that there was no disagreement as to petitioner's membership in
14    the Norteno gang.(14 RT 3324-26.)

15    The Trial Court ruled that the expert could rely on hearsay and could
16    testify to details of police contacts with petitioner.(14RT 3326.)

17    The expert then testified that on November 17,1998,petitioner was contacted
18    by the police and was in the presence of his brother and another Norteno
19    gang member and was wearing a red Jersey.(14RT 3330-32.)

20    In November of 1999 Petitioner was with an admitted South East Market(SEM)
21    gang member,was wearing a Red belt with a "4" on the buckle,and stated that
22    he backed up Nortenos. (14RT 3328-30.)

23    In September of 2000,Petitioner was contacted by the police at a known
24    Norteno hangout where fresh graffiti was on the wall.(14RT 3332-33.)

25    In a January 3,2000,Police contact,Petitioner was with Josh Aguilar,an
26    admitted SEM member,and "the offivers found the burglary items in a 49er
27    Beanie".(14RT 3333-34.)    At this point,after an objection,by defense counsel
28    ///

page 8(e)

1    The Trial Court "made it's own cumulative objection,and its also to the
2    extent that it really is details in the nature of Hearsay".(14RT 3334.)
3    The Trail Court emphasized that the details were time-consuming,Particularly
4    since Petitioner's Gang membership was not a contested issue.(14RT 3334-
5    36.)

6    The Prosecutor pleaded for "Some Leeway"and amazingly even after it's
7    own objection allowed the prosecutor to continue.(14 RT 3336-37.)

8    The expert next testified that in a March 26,2000 police contact,Petitioner
9    was with Alex Hoyo,who was wearing a red belt and was an admitted member
10    of the Fremont Street Gang,a Norteno gang.(14 RT 3331,3337.)

11    On March 4,2000,Petitioner was Renee Ramirez,an admitted Fremont Street
12    gang member.(14 RT 3338.) Defense counsel renewed his objection on the grounds
13    of hearsay and beyond the scope of what the trial court had allowed. These
14    objections were overruled.(14RT 3339.)

15    The expert then testified that "according to the police report she had
16    read", Petitioner and Ramirez were threatening a young man they thought
17    was a Sureno,telling him they were going to kill him and his family.(14
18    Rt 3339-3340.) The Trial Court instructed the jury that this information
19    was not allowed "For the truth" but only to explain the officer's opinion.
20    (14 RT3340.)

21    The expert continued: She testified that according to a March 7,2001 Police
22    report,Petitioner and someone else beat up and robbed a man while yelling
23    out a gang name. Petitioner was arrested and gang paraphernalia was found
24    in his bedroom.(14RT 3340-42.) She testified that according to a September
25    10,2004 report,petitioner was with Jesse Hernandez,an admitted SEM gang
26    member with an SEM tattoo,and petitioner admitted to an officer that he
27    was a gang member.(14 RT3342.)

28    ///

page 8(f).

1    Next,the expert testified that in a November 16,2004 search of petitioner'
2  house,petitioner's brother Eric Rivera,an admitted SEM gang member,was
3  present,along with another admitted SEM member,Jesse Hernandez,who had a
4  tattoo; Rivera had a fresh SEM tattoo,according to the police officer.(14RT
5  3343-44.)

6    That on December 29,2004,petitioner was a victim of a shooting at his
7  own residence,and the shooter was identified as a Sureno gang member who
8  had been involved in a homicide of two Nortenos.(14RT 3344-45.)

9    The expert testified that when petitioner was arrested in this case, he
10  admitted to Norteno gang membership and was housed in a lockdown pod reserved
11  for Norteno gang members.(14RT 3345-46.)

12  A poem was seized from petitioner's cell. The poem celebrated petitioner's
13  21st birthday on July 5,2005 and was adressed to "Our glorious young leader".
14  The expert Bohn did not think the poem was written by petitioner.(14 RT
15  3346-47.)

16  Defense counsel objected that the poem was unduly prejudicial. (14RT 3346-
17  47.) After reviewing the contents of the poem,the trial court overruled
18  the objection.(14RT 3349.) The expert then read the poem to the Jury,and
19  interpreted it as talking about the gang lifestyle,being ready for battle,
20  describing a bond of loyalty,carrying guns,having faith in Nortenos,
21  referring to marijuana,9mm.weapons,rap music and martial arts.(14RT 3351-
22  55.)

23  The expert testified that Nortenos identify with the color red and that
24  red clothing was found in appellant's closet,as well as a sweatshirt
25  memorializing the deaths of two Nortenos.(14RT 3355-56.) Bohn also testified
26  that petitioner had Norteno and SEM gang tattoos,a red 49er's  Blanket,and
27  a cell phone with the number 14 and "Semster" displays.(14RT 3358-61.)
28  ///

page 8(g).

1    Bohn gave her opinion that the charged crimes were for the benefit of
2    the Norteno gang.(15RT 3502-08.) This opinion included testimony that
3    instilling fear through gang crimes helps gang recruitment and that
4    witnesses who do report to the police are subject to vandalism and
5    intimidation.

6       Finally,the expert testified about gang status,the need for "Cleaning
7    up" after a conviction for a sex offense,and the predicate offense.

8

9                               **ARGUMENT**

10

11       Petitioner contends that the Trial Court erred in overruling petitioner'
12    cumulative objection and that the gang expert's testimony as to details
13    of numerous police/Petitioner contacts and the contents of the poem found
14    in petitioner's cell were cumulative and unduly prejudicial rendering
15    petitioner's trail so unfair as to violate his Federal Constitutional right
16    to due process(see Lisenda v. California(1941)314 U.S.219,228[Evidence may
17    so infuse... The trail with unfairness as to deny due process of law];
18    McKinney v. Rees(9th Cir.1993)993 F.2d 1378.)

19       The Trial Court erred in not preventing the prosecution from eliciting
20    from the gang expert this long litany of highly prejudicial hearsay and
21    often double hearsay summarized above.

22       The expert could have simply stated that she based her opinion that
23    petitioner was a gang member on petitioner's own admission,his tattoos,and
24.   the fact that he was found in the company of other gang members.

25       There was no legitimate reason for testimony as to details of petitioner's
26    involvement in a burglary,a robbery,threats to kill,having been shot at
27    by Surenos,being placed in a lockdown pod in the jail,and the inflammatory
28    ///

                               page 8(h).

1 | content of a birthday card written by some unknown person.

2 | In sum,the trial court erred in allowing the expert to testify to
3 | incompetent and highly prejudicial hearsay and double hearsay regarding
4 | petitioner's prior bad acts and crimes,under the "guise" of reasons for
5 | her opinion. The trial court abused its discretion in not weighing the
6 | marginal and cumulative probative value of this otherwise inadmissible
7 | evidence against the risk that the Jury would improperly consider it as
8 | independent proof of the facts reported.

9 | Petitioner further contends that the injection of the prejudicial hearsay
10 | evidence as supposed reasons for the expert's opinion(on an uncontested
11 | matter) rendered his trial fundamentally unfair and thus violative of Federal
12 | due process.(Estelle v. McGuire(1991)502 U.S. 62[state law errors that render
13 | a trial fundamentally unfair violate federal due process]; McKinney v. Rees
14 | (9th Cir.1994)993 F.2d 1378[admission of irrelevant and inflammatory evodence
15 | violate federal due process]; Lesko v. Owens(3rd Cir.1989)881 F.2d 44,52
16 | [Constitutional error in admitting evidence whose inflammatory nature"plainly
17 | exceeds its evidentiary worth"]). Moreover, under Hicks v. Oklahoma(1980)
18 | 447 U.S.343,a deprivation of State-Conferred benefit[the right not to have
19 | bad character admitted against a defendant under Evidence Code section 1103]
20 | violates Federal Due process.

21 |

22 | **PREJUDICE**

23 |

24 | The court have often aknowlegded the extremely high potential for
25 | prejudice of gang evidence.(People v. Hernandez(2004)33 Cal.4th 1040,1049,
26 | citing People v. Cardenas(1982)31 Cal.3d 897,904-05.) The same is true with
27 | respect to evidence of other crimes or bad acts.(see e.g., People v. Daniels
28 | ///

1    (1991)52 Cal.3d 815,856[referring to the damaging nature of evidence of
2    other bad acts]).

3        In this case,the expert managed to testify to numerous details of other
4    past crimes and bad acts in the context of petitioner's gang associations,
5    resulting in both kinds of prejudice to petitioner.

6        The case law is replete with opinions rejecting the notion that instructions
7    or admonitions are sufficient to obliterate prejudice from error or misconduct
8    (see e.g., United States v. Kerr(9th Cir.1992)981 F.2d 1050; United States
9    v. Simtob(9th Cir.1990)901 F.2d 799; Goldsmith v. Witkowski(4th Cir.1992)981
10   F.2d 697.

11       lastly,the evidence presented by the expert witness was nothing more than
12   inadmissible "propensity" evidence that invited the jury to speculate that
13   petitioner was a bad person with a disposition to violence; A viscious Gang
14   member and that if he was guilty of all the past violent crimes as a gang
15   member then more than likely he's guilty of this crime and deserves to be
16   punished. Evidence of this typr has long been held to be highly inflammatory
17   and inherently prejudicial,and of a type to induce a jury otherwise unsure
18   of guilt to convict because petitioner is a "bad person" See Old Chief v.
19   United States(1979)519 U.S.172,136 L.Ed.2d 574,588.

20   ///
21   ///
22
23
24.
25
26
27
28

page 8(j).

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Claim One,See page 8(c),lines 8-13

Claim Two,See page 8(d) 17-18

Claim Three,See page 8(i):8(j)

Do you have an attorney for this petition?    Yes ___ No XX

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  7·1·08
                Date                                Signature of Petitioner

(rev. 5/96)

9

STATE OF CALIFORNIA                    COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC 1746)

I, ___Jose R. Gutierrez_____ declare under penalty of perjury that: I am the ___Petitioner_____ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this ___1___ day of ___July_____, 20_08____, at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) _____

DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, ___Jose R. Gutierrez_____, am a resident of California State Prison, I the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On ___July_____, 20_08___, I served the foregoing: _Federal Writ of Habeas_

_____ Corpus _____

_____

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

___Office of the State Attorney General_____

___P.O.BOX 944255_____

___Sacramento,California 94244-2550_____

_____

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _July_____, 20_08____              _____

DECLARANT/PRISONER

STATE OF CALIFORNIA                         COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC 1746)

I, _____Jose R. Gutierrez_____ declare under penalty of perjury that: I am the _____Petitioner_____ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _1_ day of _July_____, 20 _08_, at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) _____
DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _____Jose R. Gutierrez_____, am a resident of California State Prison, I the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On _____July 1_____, 20 _08_, I served the foregoing: _Federal Writ of Habeas_

_Corpus_

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

TO: CLERK OF THE COURT
_Unites States District Court Northern District of California_

_U.S. Courthouse_

_450 Golden Gate Avenue_

_San Francisco, California 94102-3483_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _July 1_____, 20 _08_

_____
DECLARANT/PRISONER